**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

LILLIAN M. YOUNG,                              CASE NO.: 0:17-cv-61046

    Plaintiff,

vs.

PALM BEACH CREDIT ADJUSTORS, INC.
d/b/a FOCUS FINANCIAL SERVICES,               DEMAND FOR JURY TRIAL

    Defendant,
_____/

**COMPLAINT**

**COMES NOW**, Plaintiff, LILLIAN M. YOUNG (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, PALM BEACH CREDIT ADJUSTORS, INC. d/b/a FOCUS FINANCIAL SERVICES, (hereafter "Defendant"), and states as follows:

**PRELIMINARY STATEMENT**

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

**JURISDICTION AND VENUE**

1.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual residing in Broward County, Florida.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a foreign profit corporation as registered with the Florida Department of State, Division of Corporations.

7. Defendant is a "Debt Collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and by the FDCPA, 15 U.S.C. § 1692a(6), and does business throughout the state of Florida, including Broward County.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Broward County, Florida, by the Defendant's placing of telephone calls to Plaintiff cellular telephone in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt that is not owed by Plaintiff.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6) and FDCPA, 15 U.S.C. §1692a(5).

12. On or about August, 2016, Plaintiff called and informed Defendant the debt did not belong to her and Plaintiff advised Defendant to stop calling her cellular telephone.

13. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on or about August, 2016, when Plaintiff verbally advised Defendant to stop calling her cellular telephone.

14. Plaintiff is the regular user and carrier of the cellular telephone number ending in -6921 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

15. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on August, 2016.

16. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to two (2) times per day after Plaintiff revoked any alleged consent for Defendant to contact Plaintiff's cellular telephone.

17. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

18. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

19. Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

20. The messages left by Defendant used an artificial or pre-recorded voice that requested a return call from Plaintiff.

21. Plaintiff did not speak with a live representative during any of the phone calls because they were all made by Defendant using an artificial or pre-recorded voice.

22. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent.

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

24. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

25. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

26. Plaintiff incorporates all allegations in paragraphs 1-25 as if stated fully herein.

27. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

28. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

29. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, LILLIAN M. YOUNG, demands judgment against Defendant, PALM BEACH CREDIT ADJUSTORS, INC. d/b/a FOCUS FINANCIAL SERVICES, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

  b.  statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

  c.  pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

  d.  in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

  e.  any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

30. Plaintiff incorporates all allegations in paragraphs 1-25 above as if stated fully herein.

31. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

32. Defendant violated Florida Statute § 559.72(9) when Defendant knowingly claimed, attempted and threatened to enforce a debt when Defendant knew that the debt was not legitimate; or asserted the existence of some other legal right when Defendant knew that the right did not exist.

33. Specifically, Defendant had actual knowledge that the subject debt was illegitimate and Defendant did not have a legal right to collect on the subject debt because the subject debt was not related to an account owned by Plaintiff.

34. Plaintiff continued to receive phone calls from Defendant regarding the subject debt despite Plaintiff informing Defendant that Plaintiff was not the owner of the subject debt.

**WHEREFORE**, Plaintiff, LILLIAN M. YOUNG, demands judgment against Defendant, PALM BEACH CREDIT ADJUSTORS, INC. d/b/a FOCUS FINANCIAL SERVICES, for the following relief:

    a.    any actual damages sustained by Plaintiff as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FDCPA, 15.U.S.C. §1692e

35. Plaintiff incorporates all allegations in paragraphs 1-25 above as if stated fully herein.

36. Defendant, is subject to, and has violated the provisions of 15 U.S.C. §1692e, e(2)(A), and e(10) by using false, deceptive, or misleading means or representations in attempting to collect the consumer debt.

37. Specifically, Defendant's actions, as described herein, were an unlawful attempt to deceive and mislead Plaintiff into paying a debt that did not belong to Plaintiff.

38. The act of contacting Plaintiff via her cellular telephone to demand payment of an illegitimate debt that she did not owe and failing to advise Plaintiff that the alleged debt could not

6

be legally enforced in court is a deceptive and misleading representation or means of collecting a debt.

**WHEREFORE**, Plaintiff, LILLIAN M. YOUNG, demands judgment against Defendant, PALM BEACH CREDIT ADJUSTORS, INC. d/b/a FOCUS FINANCIAL SERVICES, for the following relief:

    a.    any actual damages sustained by Plaintiff as a result of the above allegations;

    b.    statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

    c.    in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    d.    any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

38. Plaintiff incorporates all allegations in paragraphs 1-25 as if stated fully herein.

39. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

40. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

49. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

50. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, LILLIAN M. YOUNG, demands judgment against Defendant, PALM BEACH CREDIT ADJUSTORS, INC. d/b/a FOCUS FINANCIAL SERVICES, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after August, 2016;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date:  May 25, 2017             **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**